# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM NEVILLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 12-2786 |
| | ) | Cr. No. 04-20070 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION UNDER 28 U.S.C. § 2255

Before the Court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, as amended, filed by Movant William Nevilles, Bureau of Prisons register number 19438-076, an inmate at the United States Penitentiary in Atlanta, Georgia. Nevilles asks this Court to vacate and correct his sentence. For the reasons stated below, the Court **DENIES** Nevilles's § 2255 Motion.

## BACKGROUND

After being indicted on 3 counts in 2004, Nevilles executed a written plea agreement in which he pleaded guilty to being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g). In his plea agreement, Nevilles waived the right to appeal his conviction and any sentence within the applicable statutory maximum. A probation officer prepared a presentence report, and Nevilles objected to his classification as an Armed Career Criminal under 18 U.S.C. § 924(e). After a sentencing hearing, the district court sentenced Nevilles as an Armed Career

1

Criminal to 200 months of imprisonment, followed by 3 years of supervised release.[1] The district court also dismissed the remaining two counts of the indictment.

Despite waiving his right to appeal his conviction and sentence, Nevilles filed an appeal of both his conviction and sentence with the Sixth Circuit.[2] On appeal, counsel for Nevilles filed a motion to withdraw and an accompanying *Anders* brief.[3] Nevilles responded with a motion for appointment of counsel and further contended that "(1) illegal prior convictions were used to enhance his sentence; and (2) the district court lacked jurisdiction because Congress did not properly enact the general criminal jurisdiction statute, 18 U.S.C. § 3231."[4] The Sixth Circuit explained that Nevilles had expressly waived his right to appeal his conviction and sentence absent the imposition of a sentence beyond the statutory maximum, but it also held that Nevilles's contentions lacked merit. In analyzing Nevilles's claim that he was improperly sentenced as an Armed Career Criminal based on void prior convictions, the court held that "Neville[s] undisputedly conceded in the district court that he could not collaterally challenge any of his prior convictions at sentencing" and affirmed his conviction and sentence.[5] The Sixth Circuit entered judgment on December 18, 2008, and denied Nevilles's petition for panel rehearing on March 17, 2009.

On September 10, 2012, Nevilles filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF No. 1). Nevilles requests that

---

[1] Judgment, *United States v. Nevilles*, No. 2:04-cr-20070-01-B (W.D. Tenn. May 5, 2007).

[2] *See* Order, *United States v. Nevilles*, No. 07-5948 (6th Cir. filed Dec. 23, 2008).

[3] *Id.*; *see Anders v. California*, 386 U.S. 738 (1967).

[4] Order at 2, *Nevilles*, No. 07-5948.

[5] *Id.* at 3.

this Court vacate and correct his sentence. The Court ordered Nevilles to submit an amended motion on the official form (ECF No. 3), and he did so on February 7, 2013. (ECF No. 5). Nevilles also filed a second amended complaint and requested an evidentiary hearing on October 11, 2013.[6] (ECF No. 7). Complying with the Court's order, the United States responded on December 4, 2013 (ECF No. 9), to which Nevilles filed his Reply. (ECF No. 11).

## DISCUSSION

Nevilles's two amended complaints allege five grounds for relief from his sentence. First, Nevilles alleges that the district court "used facially invalid judgments for 18 U.S.C. § 924(e) enhancements." (ECF No. 5). Nevilles maintins that two state judgments used to enhance his sentence were void because they ran concurrently instead of consecutively in violation of Tennessee law. Second, Nevilles contends that Tennessee is not a "state" as defined by 18 U.S.C. § 921(a)(2), and therefore the district court acted unconstitutionally in using a prior Tennessee drug conviction to enhance his sentence. Third, Nevilles claims that he received ineffective assistance of counsel related to his sentencing proceedings. Fourth, Nevilles challenges the district court's determination that his conviction for aggravated assault under Tennessee law qualifies as a violent felony under 18 U.S.C. § 924(e) because the state statute encompasses reckless conduct. Finally, Nevilles argues that the district court engaged in "unconstitutional fact finding" because 18 U.S.C. § 924(e) was not listed as an offense in his indictment.

---

[6] The Respondent did not oppose the amendment and responded to it. Answer to Am. Compl., ECF No. 9.

**I. Statute of Limitations**

In its Answer, the United States argues that the claims in Movant's § 2255 Motion are time barred. Section 2255 imposes a one-year period of limitation, which runs from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[7]

First, "for purposes of collateral attack, a conviction becomes final at the conclusion of direct review."[8] The Supreme Court has also held that, for purposes of post-conviction relief, "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."[9]

After affirming Nevilles's conviction and sentence, the Sixth Circuit denied Nevilles's petition for panel rehearing on March 17, 2009.[10] Nevilles asserts that he filed a petition for writ certiorari on June 23, 2009, but it failed to meet two Supreme Court rules. Nevilles did not

---

[7] 28 U.S.C. § 2255(f).

[8] *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001).

[9] *Clay v. United States*, 537 U.S. 522, 527 (2003).

[10] Order Denying Mot. Panel Reh'r, *United States v. Nevilles*, No. 07-5948 (6th Cir. Mar. 17, 2009).

resubmit the petition.[11] "When a federal criminal defendant takes a direct appeal to the court of appeals, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed."[12] Over three years after the Supreme Court's denial of his petition, Nevilles filed the instant motion for relief under 28 U.S.C. § 2255 on September 10, 2012.

Nevilles counters that § 2255(f)(2) applies to his case because "the Bureau of Prison [sic] destroyed his property containing key evidence needed to substantiate his claim."[13] Specifically, Nevilles states that the BOP caused some of his legal documents to be destroyed "when they left his property outside in a rainstorm, then placed [them] in the property room for months, where [they were] destroyed by mold and mildew."[14] Nevilles alleges that he finally retained the state-court documents at issue on January 3, 2012, after numerous and ongoing attempts to obtain records. In its answer, the Government does not respond to these allegations and instead briefs the timing issue under § 2255(f)(1). Therefore, the Court assumes, for purposes of this motion only, that Nevilles's § 2255 Motion is timely.

---

[11] *See* 2255 Mot. at 2, ECF No. 1.

[12] *Sanchez-Castellano v. United States*, 258 F.3d 424, 426 (6th Cir. 2004) (citing *Clay v. United States*, 537 U.S. 522, 532 (2003)).

[13] Am. 2255 Mot. at 12, ECF No. 5.

[14] 2255 Mot. at 9, ECF No. 1. Nevilles also attached exhibits to his complaint, including the memorandum of a Captain at the Federal Correctional Complex of Coleman, Florida. The memorandum gives some credence to the accidental destruction of property. The Government offered no response to these alleged facts.

**II. Wavier of Claims**

The Government contends that Nevilles has waived the claims in the instant motion by failing to litigate them on direct appeal and that Court should not allow him to relitigate the issues he raised on appeal. As the Sixth Circuit has explained,

> It is well settled that an argument not raised on direct appeal is waived. . . . Such an argument can be raised for the first time on collateral review only when the alleged error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." . . . It is equally well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law.[15]

Some of Nevilles's claims should have been raised on appeal, while others were raised on appeal and should not be relitigated here. The Court analyzes each claim separately below.

**A. Use of "Void" State Judgments to Enhance Sentence**

Nevilles first argues that the district court used void Tennessee criminal judgments to enhance his sentence under 18 U.S.C. § 924(e) in violation of the Constitution. In the months leading up to his sentencing, Nevilles's attorney filed several position statements objecting to the presentence report, which included numerous prior convictions. Nevilles first challenged the enhancement of his sentence based on two state convictions for aggravated assault.[16] He claimed that these two offenses on July 1, 1991, and July 31, 1991, should have been consolidated for sentencing. The district court addressed the argument, found that the two offenses were separate and distinct, and denied the objection to the presentence report.

---

[15] *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) (citations omitted) (citing *Grant v. United States*, 72 F.3d 503, 505–06 (6th Cir. 1995)).

[16] Nevilles also challenged the use of statutory rape as a "crime of violence" for purposes of the ACCA. That issue has not been raised again in this Motion.

The two Tennessee convictions for aggravated assault, however, are also the subject of Nevilles's first ground for relief under 28 U.S.C. § 2255. Nevilles argued at sentencing and now that he committed one of the offenses while he was out on bail or on probation for the other, and therefore Tennessee Code Annotated § 40-20-111(b) mandated that his sentences for the two offenses run consecutively rather than concurrently. Since they did not, he alleged that the convictions were void. The statute at the time of sentencing—and today—provides the following:

> In any case in which a defendant commits a felony while such defendant was released on bail . . . and the defendant is convicted of both such offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that such sentences be served cumulatively.[17]

In Tennessee, if a later offense was committed while the defendant was on bail and this fact is proven, then a concurrent sentence is void, with some exceptions.[18] But the Tennessee Supreme Court later held that "if all the sentences imposed for the challenged convictions were served and expired before [the petitioner] filed his [state] habeas corpus petition," the issue would be moot.[19] Nevilles had the opportunity to challenge his concurrent sentencing while in state custody. The risk of prosecution and sentencing to five and six years—served consecutively—however, would not likely have induced him to challenge the concurrent sentence he was serving

---

[17] Tenn. Code Ann. § 40-20-111(b).

[18] *McLaney v. Bell*, 59 S.W.3d 90, 94 (Tenn. 2001). Nevilles simply assumes that the convictions are void on the face under Tennessee Code Annotated section 40-20-111(b). But that is not the case. While he has provided evidence that the two convictions ran concurrently, nowhere on the face of any of the documents in the record does the Court find evidence that Nevilles committed the second crime while on bail or parole for the first. This is not essential to the holding of this Court, as Nevilles's avenue to challenge his convictions is foreclosed.

[19] *See Summers v. State*, 212 S.W.3d 251, 257–58 (Tenn. 2007).

at the time. Over two decades after his convictions, he made this argument at sentencing, on direct appeal, and now in the instant motion.

At Nevilles's final sentencing hearing, the Government addressed the objection, which apparently had been withdrawn. Nevilles's attorney Scott Hall explained that after diligently researching the issue, he found that the law did not allow Nevilles to challenge his prior state convictions at sentencing: such challenges had to be made in state proceedings, absent one exception.[20] After a lengthy discussion of the issue, the Court asked if Nevilles had anything to say. Nevilles again challenged the concurrent sentences of the two assault convictions, and the court reiterated that it had overruled the objection. Nevilles then stated, "If I knew I wasn't going to be able to challenge it [the allegedly void sentences] in court, I wouldn't have waived my right to appeal the conviction."[21] He later raised the issue on appeal at the Sixth Circuit in a response to his attorney's *Anders* brief, and the court held that he had waived his right to appeal based on his plea agreement. It further noted that *Custis v. United States* applied to bar his challenge of a state-court conviction used to enhance his sentence at the hearing.[22] Nevilles now contends that his response to his appellate counsel's *Anders* brief was not actually a substantive response, but a motion for appointment of counsel. He states that he intended to file a thorough brief after the Sixth Circuit ruled on his motion for appointment of counsel. Thus, Nevilles seeks full review of the issue here, continuing to allege that the use of the allegedly void state

---

[20] Trans. of Sentencing at 14–19, *United States v. Nevilles*, 04-20070 (W.D. Tenn. May 3, 2007); *see Custis v. United States*, 511 U.S. 485, 490–97 (1994).

[21] Trans. of Sentencing at 31.

[22] Order, *United States v. Nevilles*, No. 07-5948 (6th Cir. Dec. 23, 2008) (citing *Custis*, 511 U.S. at 490–97 (1994)).

convictions was unconstitutional. Whether or not Nevilles has already litigated the issue, it fails on the merits.

The Supreme Court expressly held that a defendant in a federal sentencing proceeding has no right to "collaterally attack the validity of previous state convictions that are used to enhance his sentence under the ACCA."[23] The Court included one exception: if the accused was not represented by counsel during the state proceeding and had not constitutionally waived that right, then he could collaterally attack the conviction.[24] When invited "to extend the right to attack collaterally prior convictions used for sentence enhancement beyond the right to have appointed counsel established in *Gideon*," the Court "decline[d] to do so."[25] When Custis attempted to challenge his prior conviction at sentencing, however, he was "still 'in custody' for purposes of his state convictions," and therefore the Supreme Court opined that he could "attack his state sentences in Maryland or through federal habeas review."[26] If Custis was successful in challenging his state conviction, then he could apply for reopening of his federal sentence enhanced by state sentences.[27]

Nevilles contends that *Custis* is inapplicable because the challenged state conviction in that case was not void on its face. Although addressing a direct appeal rather than a § 2255 motion, the Sixth Circuit has determined this issue. In *Aguilar-Diaz*, even though it was clear that the petitioner's Ohio sentence failed to comply with a statutory requirement and was thus

---

[23] *Custis* 511 U.S. at 487.

[24] *Id.* (quoting *Johnson v. Zerbst*, 304 U.S. 458, 468 (1938).

[25] *Id.* at 496.

[26] *Id.* at 497.

[27] *Id.*

void, the Court held that a federal sentencing proceeding was not the correct proceeding in which to challenge the prior conviction.[28] Instead, "he could pursue that claim through state channels for seeking post-conviction relief."[29] The court held fast to its interpretation of *Custis* "as recognizing right-to-counsel violations as the sole non-statutory grounds on which a collateral attack may be entertained at sentencing."[30]

What then of Nevilles, whose avenues for direct or collateral attack on the state conviction are closed?

> If, however, a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255.[31]

In response to this holding of the Supreme Court, Nevilles contends that he is not collaterally attacking the state convictions. Instead, he asserts that he is challenging the "use" of the prior convictions at sentencing. This distinction is unavailing; Nevilles's attack on the "use" of the judgments mandates that the Court analyze the judgments themselves. This is the very type of collateral attack that *Custis*, *Daniels*, and Sixth Circuit precedent forbids.

---

[28] *United States v. Aguilar-Diaz* 626 F.3d 265, 267, 270 (6th Cir. 2010). The analysis is the same for a motion under 28 U.S.C. § 2255. *See Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999) ("Essentially Turner seeks relief from his state convictions in his habeas petition attacking his federal conviction. *Custis* does not support this tactic. We read *Custis* as requiring Turner to challenge the underlying state convictions first in the state court or in an independent habeas corpus proceeding brought pursuant to 28 U.S.C. § 2254. Only after Turner succeeds in such a challenge can he seek to reopen his sentence in this case.").

[29] *Aguilar-Diaz*, 626 F.3d at 270.

[30] *Id.*

[31] *Daniels v. United States*, 532 U.S. 374, 382 (2001).

## B. Tennessee Not a "State" Under 18 U.S.C. § 921(a)(2)

Nevilles next argues that the district court acted contrary to the Constitution when it enhanced his sentence for having a serious drug offense under 18 U.S.C. § 924(e)(2)(a)(ii). He contends that Tennessee—the state of his conviction—is not a "state" within the meaning of the subsection, and thus the conviction cannot be used to enhance his sentence. Nevilles cites the definitional provision for "interstate commerce" in 18 U.S.C. § 921(a)(2), which provides that "[t]he term 'State' includes the District of Columbia, the Commonwealth of Puerto Rico, and the possessions of the United States (not including the Canal Zone)."[32] This Nevilles claims, proves that Tennessee is not a "state" within the meaning of the statute. Even if Nevilles has not waived this argument by failing to raise it on direct appeal, it is without merit. Tennessee is a state within the meaning of the United States Code.

## C. Ineffective Assistance of Counsel

Nevilles also argues that he received ineffective assistance from his counsel Scott Hall. These claims have not been waived, but they are without merit. In analyzing ineffective-assistance claims, the Court relies on the two-part *Strickland* test.[33] Under that test, Nevilles must prove that his lawyer's performance was "deficient," based on an "objective standard of reasonableness."[34] If the Court finds that the lawyers' representations or omissions fell below this standard, the Court moves to the "prejudice prong," which requires proof of a "reasonable

---

[32] 18 U.S.C. § 921(a)(2).

[33] *Strickland v. Washington*, 466 U.S. 668 (1984).

[34] *Id.* at 687.

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[35]

Nevilles raises five grounds of ineffective assistance; however, all five grounds are different variations of the same argument.[36] All of the grounds assert that Hall knew that the prior state judgments were facially invalid and void but failed to raise the issue at sentencing. This argument fails: Hall clearly raised the issue before the district court at sentencing in a lengthy colloquy with the district judge.[37] After his attorney explained his position on the matter, Nevilles interposed his own objection, which the district court overruled. Furthermore, the substance of the objection, as described above, is legally incorrect. Nevilles's claim of ineffective assistance fails.

**D. Conviction for Aggravated Assault**

The Armed Career Criminal Act "imposes a stringent 15-year mandatory minimum sentence on an offender who has three prior convictions 'for a violent felony or a serious drug offense.'"[38] Nevilles argues that this Court should vacate his sentence because the district court used a prior conviction for aggravated assault to enhance his conviction, even though Tennessee's statute for aggravated assault encompassed recklessness. Nevilles relies on the Supreme Court's ruling in *Begay v. United States*, in which the Court held that a conviction under a New Mexico statute criminalizing driving under the influence—a strict-liability crime—"falls outside the scope of the Armed Career Criminal Act's clause (ii) 'violent felony'

---

[35] *Id.* at 691–92.

[36] Am. 2255 Mot. at 12, ECF No. 5-1.

[37] Trans. of Sentencing at 14–20, 26–30, *United States v. Nevilles*, 04-20070 (W.D. Tenn. May 3, 2007).

[38] *Begay v. United States*, 553 U.S. 137, 139 (citing 18 U.S.C. § 924(e)(1)).

12

definition."[39] The Court focused on the distinction between strict-liability crimes like DUI and "violent and aggressive crimes committed intentionally."[40] Even assuming that Nevilles has not waived this argument by failing to raise it on his direct appeal, the argument fails.

The Sixth Circuit recognizes the well-established two-step analysis for determining whether a prior conviction qualifies as a "violent felony" under the ACCA:

> In determining the nature of a prior conviction, we are to apply a "categorical" approach, looking to the statutory definition of the offense and not the particular facts underlying the conviction. *Taylor v. United States*, 495 U.S. 575, 600, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990). If it is possible to violate the statute in a way that would constitute a ["violent felony"] and in a way that would not, the court may consider the indictment, guilty plea, or similar documents to determine whether they necessarily establish the nature of the prior conviction. *Shepard v. United States*, 544 U.S. 13, 26, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005).[41]

Nevilles pleaded guilty to two counts of aggravated assault on July 19, 1992. At that time, the Tennessee statute for aggravated assault encompassed intentional, knowing, and reckless conduct.[42] Since the Sixth Circuit has held that the statute "does not categorically constitute a 'violent felony,' [the Court] 'may consider the indictment, guilty plea, or similar documents to determine whether they necessarily establish the nature of the prior conviction.'"[43] Nevilles's guilty plea, attached as an exhibit to his Amended § 2255 Motion, states that he "received and read a copy of the indictment, discussed it with [his] attorney and underst[ood] the nature of the

---

[39] *Id.* at 148.

[40] *Id.* at 147.

[41] *United States v. Gibbs*, 626 F.3d 344, 352 (6th Cir. 2010).

[42] *See* Tenn. Code Ann. § 39-13-101 to 102 (1991).

[43] *United States v. McMurray*, 653 F.3d 367, 377 (6th Cir. 2011).

charges against [him]."[44] The indictments for both counts show that Nevilles "did unlawfully and *intentionally* . . . cause serious bodily injury . . . in violation of T.C.A. 39-13-102."[45] The Tennessee conviction satisfies the ACCA's requirement that the prior conviction be for a "violent felony."

### E. Unconstitutional Judicial Fact-Finding

Finally, Nevilles contends that his sentence should be vacated because the district court engaged in "unconstitutional judicial fact finding" by failing to submit his prior convictions to a jury to be proven beyond a reasonable doubt.[46] In support, Nevilles cites one of the Supreme Court's holdings in *Alleyne*: "Facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt."[47]

The Government correctly responds that the rule in *Alleyne* does not alter the rule of *Almendarez-Torres*, which exempts a prior conviction from the jury requirement.[48] The *Alleyne* Court noted that "[i]n *Almendarez-Torres* . . . we recognized a narrow exception to this general rule for the fact of a prior conviction. Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today."[49] Furthermore, after these decisions, the

---

[44] Pet. for Waiver of Trial by Jury and Request for Acceptance of Plea of Guilty, *State v. William Nevilles*, 91-10512 (Tenn. Crim. Ct. Aug. 19, 1992), attached as Ex. B2 to Second Am. 2555 Mot., ECF No. 7-3, PageID 59.

[45] Indictment, *State v. Nevilles*, 91-10512, attached as Ex. B4 to Second Am. 2255 Mot., ECF No. 7-4, PageID 62–63 (emphasis added).

[46] Second Am. 2255 Mot. at 3, ECF No. 7.

[47] *Alleyne v. United States*, 133 S. Ct. 2151, 2158 (2013).

[48] *See Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

[49] *Alleyne*, 133 S. Ct. at 2160 n.1.

14

Sixth Circuit held that "*Alleyne* does not stand for the proposition that a defendant's prior convictions must be submitted to a jury and proven beyond a reasonable doubt, even when the fact of those convictions increases the mandatory minimum sentence for a crime."[50]

Nevilles also argues that because the indictment in his case did not list § 924(e), his sentence should be vacated under *Alleyne*. But the Sixth Circuit has "rejected the argument that the ACCA sentencing provision is a separate offense and that the government must plead in the indictment and prove beyond a reasonable doubt the predicate felonies."[51] Nevilles's last argument fails. Thus, his Motion Under 28 U.S.C. § 2255 is **DENIED**.

### III. Appeal Issues

The district court must evaluate the appealability of its decision denying a § 2255 motion and issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."[52] No § 2255 movant may appeal without this certificate, which must indicate the specific issue(s) that satisfy the required showing.[53] A movant makes a "substantial showing" when he demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[54] A certificate

---

[50] *United States v. Nagy*, 760 F.3d 485, 488 (6th Cir. 2014).

[51] *United States v. McMurray*, 653 F.3d 367, 370 (6th Cir. 2011) (citing *United States v. Wolak*, 923 F.3d 1193, 1199 (6th Cir. 1991)).

[52] 28 U.S.C. § 2253(a), (c)(2); *see also* Fed. R. App. P. 22(b).

[53] 28 U.S.C. § 2253(c)(2)–(3).

[54] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).

of appealability does not require a showing that the appeal will succeed,[55] but courts should not issue a certificate as a matter of course.[56]

The Sixth Circuit has interpreted *Custis* as recognizing that a right-to-counsel violation is the sole non-statutory grounds on which a movant may challenge a prior state conviction.[57] Furthermore, the Supreme Court held that when a prior state conviction is no longer open to direct or collateral attack because the movant failed to pursue such remedies, the movant is without recourse.[58] Therefore, the Court DENIES a certificate of appealability.

The Prison Litigation Reform Act of 1994 does not apply to appeals of orders denying § 2255 motions.[59] Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status in accordance with Federal Rule of Appellate Procedure 24(a).[60] Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.[61] But Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.[62]

---

[55] *Miller-El*, 537 U.S. at 337.

[56] *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

[57] *United States v. Aguilar-Diaz*, 626 F.3d 265, 267, 270 (6th Cir. 2010).

[58] *Daniels v. United States*, 532 U.S. 374, 382 (2001).

[59] *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997).

[60] *Id.* at 952.

[61] Fed. R. App. P. 24(a)(1).

[62] *See* Fed. R. App. P. 24(a)(4)–(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, in accordance with Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.[63]

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: March 30, 2015.

---

[63] If the Movant files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.